## 52846. GAINES et al. v. DEPARTMENT OF TRANSPORTATION.

STOLZ, Judge.

The appellant-condemnee appeals from a judgment concerning a strip of her property taken by the appellee for the purpose of widening a road. Judgment was entered on a jury verdict for an amount which the appellant feels to be unsatisfactory.

1. The appellant claims that the trial judge erroneously excluded from evidence the appellant's opinion of the replacement costs for a portion of her fence located upon the condemned property. His ruling did not

constitute error, however, because no foundation was laid for testimony as to replacement value. A non-expert witness may give opinion evidence only if she states the facts upon which it is based. Code § 38-1708; *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (1) (199 SE2d 96) (1973). The fact that the appellant had the value of her old fence appraised is not sufficient as a matter of law to support opinion evidence as to the cost of a new fence. The trial judge did not abuse his discretion in refusing to allow the appellant's testimony to go to the jury. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1) (76 SE 387) (1912); *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824, 826 (140 SE2d 150) (1964).

2. The court charged the jury that all elements of the land, such as trees, shrubs, and fences, may be taken into consideration to determine the value of the land condemned, but that "evidence of the value of each element may not be considered." The appellant claims that the judge erred in giving this charge. However, no error was committed. The charge as stated, although perhaps subject to improvement by rewording, is correct. This court has held, "[A]ll elements and uses of the land may be taken into consideration to determine the market value of the land taken and the consequential damages to the land not taken. However, under this sort of procedure, a witness may not be permitted to testify separately as to the value of each element." *Southern R. Co. v. Miller,* 94 Ga. App. 701 (1) (96 SE2d 297) (1956).

3. The appellant's second and third enumerations of error are without merit. Both enumerations are based upon a single ruling of the trial judge, in which he excluded from evidence certain testimony of the appellant's tree expert. The testimony dealt in general with how he valued *individual trees* and the functions of trees that gave them their value. He specifically stated under cross examination that he was not testifying as to the value of *land* as enhanced by trees. For the reasons stated in Division 2 and *Southern R. Co. v. Miller,* supra, such testimony was inadmissible.

4. Finally, the appellant contends that the court erred in giving the following charge: "I also charge you, a witness is qualified to testify to the market value of land if

he has had an opportunity for forming a correct opinion as to its value. This means that the witness must have had an opportunity for knowing the value of the land in the community of the land being condemned, or of the particular land in controversy. The witness must show some knowledge of the land in question and the price of land in the neighborhood to be qualified to give an opinion of the subject." The final sentence quoted above, to which the appellant principally objects, is an almost verbatim quotation from a treatise which was cited with approval in *Central Ga. Power Co. v. Cornwell,* supra, p. 3. While that portion of the charge complained of, taken out of context, may constitute error, when considered as a whole, no reversible error is shown. See *Ga. Power Co. v. Hendricks,* 130 Ga. App. 733 (204 SE2d 465) (1974).

*Judgment affirmed. Bell, C. J., and Clark J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED NOVEMBER 30, 1976 — REHEARING DENIED DECEMBER 13, 1976 — 

*Kidd & Tate, Charles M. Kidd,* for appellants.

*Arthur K. Bolton, Attorney General, Charles C. Pritchard, Deputy Assistant Attorney General,* for appellee.