## 58487, 58488. DEPARTMENT OF TRANSPORTATION v. BROOKS; and vice versa.

BIRDSONG, Judge.

The appellant in Case No. 58487, Department of Transportation (DOT), filed condemnation proceedings and declaration of taking of a portion of Brooks' property, estimating compensation to Brooks at $7,750. On the trial

of the case, the jury awarded $21,460 to Brooks and recommended additionally that DOT pay Brooks' attorney fees and reasonable and necessary expenses of litigation, which the court found as being $4,196.25. Subsequent to entry of the verdict and judgment in the case and upon DOT's motion for new trial, the trial judge struck the attorney fees and litigation expenses award, because in the meantime, the Supreme Court had held that such costs are not awardable as part of "just and adequate compensation"(*DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243)). From the trial court's denial of DOT's motion for new trial, DOT appeals; Brooks cross appeals from the order striking the attorney fees award.

1. DOT's motion for new trial was made on general grounds, that the verdict is contrary to law and the evidence, is exorbitant, flagrantly outrageous and extravagant and shocks moral sense; that it requires the inference of mistake, undue bias and that the jury was actuated by undue and improper motives and influences. We find no merit in these contentions. The condemned property is .039 acres plus a 420 square foot construction easement in a corner lot in Rome, originally containing .169 acres. Taken is a 972 square foot building used as a curb market, with direct parking and access from the intersecting major streets. The building was built in 1963, was reasonably well maintained and rented for $150 per month, and according to the testimony, should have rented for $200 per month. The condemned land area covered only half the building, but there was evidence that the remaining area would be unsuitable for commercial building redevelopment because only a limited amount of level property would remain, after the taking, between the zoning set-back line (which may or may not apply in the case of public taking), and an extensive drainage ditch running behind the present building. Estimates of the value of the property taken and consequential damages ranged from $7,750 to $22,950 and $26,000. Accordingly, the verdict for $21,460 was well within the range of evidence, nor do we find it excessive or exorbitant as a matter of law. *Hinson v. Department of Transp.,* 135 Ga. App. 258, 259 (217 SE2d 606); *State Hwy. Dept. v.*

*Jernigan,* 123 Ga. App. 393 (181 SE2d 287).

2. Appellee Brooks' witness testified over objection that in assessing the value of the taking he took into consideration the zoning requirements of the City of Rome, and, further, that in commercially-zoned (C-1) property, there is a twenty-foot set-back line from any major street, which after taking would in effect leave the owner only seven feet between the set-back line and the drainage ditch. Over objection, the trial court admitted into evidence a copy of the city's revised zoning ordinances and a zoning map of Rome, but declined to charge at appellant's request the following: "A portion of the Zoning Ordinance provides . . . 'Reduction of lot area. No lot . . . shall be reduced in size so that the lot width or depth, front, side or rear yard . . . or other requirements of this Ordinance are not maintained. This section shall not apply when a portion of a lot is acquired for public purposes.' I further charge that . . . in this case . . . [the first sentence of the ordinance] I have just read. . . has no application to the portion of the lot which has not been condemned and which is still owned by Mrs. Brooks." DOT contends that appellee's witness' testimony was inadmissible because it comprised a legal conclusion or interpretation of the zoning ordinances (see *Hinson v. Department of Transp.,* supra) which, moreover, was incorrect and misleading because under the ordinance referred to in the requested charge, the twenty-foot set-back requirement would not apply in this case of a public taking. DOT further contends that since, under its interpretation of the ordinance quoted above, the zoning ordinances do not apply in the case of a public taking and would therefore have no effect on Mrs. Brooks' remaining property, the zoning map and ordinances are irrevelant in this case and it was error to admit them.

Finally, DOT urges that the charge requested was necessary to cure the errors thus made, and failure to give it was error.

We do not agree. Before the alleged errors occurred, the expert witness for appellant DOT, under cross examination by appellee, testified that in arriving at his estimate of the highest and best use of the property, *he took into consideration the zoning ordinances of the City of*

*Rome;* that any prudent buyer would consider the zoning; that he was familiar with the economics of the property which included an analysis of zoning. He stated that he understood "that when [property is taken for] right-of-way purposes, the property does not have to conform to the letter to the zoning ordinance after the taking." He then testified in some detail concerning the zoning parking and set-back requirements. No objection was made by appellant to any of this testimony which is substantially the same or similar to that later objected to, and the later objection is therefore waived. *Steverson v. Hospital Auth. of Ware County,* 129 Ga. App. 510, 514 (199 SE2d 881). The testimony of DOT's own witness, which was not objected to, made relevant the zoning provisions, evidence of which is generally relevant in condemnation cases (see *Civils v. Fulton County,* 108 Ga. App. 793, 796, 797 (134 SE2d 453)). Furthermore, this court in *Civils,* supra, stated, "It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective mind in determining the just and adequate compensation to be paid the condemnee . . . [W]e can see no reasons why existing zoning regulations should not be pertinent in a condemnation proceeding."

The map and copy of ordinances were therefore not irrelevant as having no effect upon the value of Mrs. Brooks' property, which was the substance of appellant's objection to them, and in view of the testimony of the DOT witness, we cannot see that they had any prejudicial effect per se; nor, for the same reason, was the trial court in error in refusing the charge the particular provision and interpretation requested by appellant. The charge, given without other explanation, says nothing and would be misleading and confusing. We are not prepared to agree with appellant that that zoning provision means simply that the zoning regulations do not apply in a case of public taking. In any event, the DOT witness gave his own legal interpretation of the provision to that effect, and we see no basis for complaint by appellant.

3. Appellant urges it was error to permit Brooks' witness to estimate a value which was in part based on his inference that Brooks would have no access to the

remainder of the property after taking because no driveway was shown on DOT's right-of-way plans, and further that the witness' assessment as to consequential damages made on that basis should have been stricken. Appellant maintains DOT was obliged to put in a driveway upon request of the condemnee, and the witness' valuation was therefore based on a false assumption. We find no error in either enumeration. The project designer for DOT testified that there was no driveway shown in the plans because "we don't allow driveways along the radius (corner curb) like this," but DOT would provide one elsewhere if the condemnee requested it. The opinion of the witness was based on his consideration of plans and documents provided by the appellant, DOT; if his assumption that there would be no driveway was erroneous, still he was entitled to give his opinion and was subject to cross examination on the point. *Brookhaven Supply Co. v. DeKalb County,* 134 Ga. App. 878, 879 (216 SE2d 694).

4. It was not error to permit Brooks' witnesses to testify to the cost of replacement of the improvements less depreciation in arriving at the value of the taking. *Housing Auth. of Atlanta v. Goolsby,* 136 Ga. App. 156, 159 (220 SE2d 466); *Housing Auth. of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881, 882 (87 SE2d 671). It is not necessary to determine whether one witness' testimony of restoration value of $22,000, without any testimony by him as to depreciation, was inadmissible, since the verdict which included the building and land value and any consequential damages was less than the restoration amount given by this witness and was, moreover, authorized by other evidence. Admission of that witness' testimony could not, therefore, have been prejudicial error requiring a reversal.

5. Appellant cites *Southern R. Co. v. Miller,* 94 Ga. App. 701, 704 (96 SE2d 297) as authority for its contention that it was error to permit appellee's witness to give separate values for the building and the land prior to condemnation and add these elements to arrive at fair market value prior to condemnation. We disagree; *Southern Railway* was a case where the condemnee sought to present evidence of separate values of *physical*

*elements of the land,* i.e., sand deposits separate from the land body itself. (See also 27 AmJur2d 69-70 fn. 12, Em.Dom., § 279). The land and its natural components are one subject matter and what is required is evidence of the fair market value of that one subject matter (*Southern R. Co.* supra; see *Atlanta Terra Cotta Co. v. Georgia R. &c. Co.,* 132 Ga. 537, 545-546 (64 SE 563); *Gaines v. Department of Transp.,* 140 Ga. App. 741, 742 (231 SE2d 829)). We cannot extend such a rule to *improvements* on the land, which in Georgia have long been proper subjects for independent valuation in consideration of the just and adequate compensation for the total property taken. Since appellant has raised the issue, we must recognize that some cases in other states have stated that because compensation is given only for "the value of the land as enhanced by the improvement," no compensation can be had for the improvements unless they increase the market value of the land, the land and improvements should be considered as a whole and not separately, and testimony as to the separate actual values of each is not admissible. See generally 27 AmJur2d 94-95, Em.Dom., § 291. We think these limitations are a misguided approach to just and adequate compensation and they are not the law in Georgia; cases which have applied the rule have experienced considerable difficulty with it in practical effect. See United States v. New York, 165 F2d 526; 27 AmJur2d 96-97. We have found no case by Georgia courts which supports on point the contention made by DOT here. To the contrary, the constitutional provision of eminent domain "is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings." *Bowers v. Fulton County,* 221 Ga. 731, 738 (146 SE2d 884). That the condemnee must be adequately compensated when his property is taken by eminent domain, " 'is too plain to be misunderstood, and is not to be violated or evaded by the legislature or the courts.' " *Bowers,* supra, p. 738. The property taken includes the improvement, in this case the building, and to say that appellee is not entitled to have its value testified to separately from the land value would deprive her of the right to have all relevant factors

considered in arriving at the compensation. See *Housing Auth. of Savannah v. Savannah Iron &c. Works,* supra, p. 885. If this method of evaluating fair market value falls short of reflecting what the compensation should be, it is subject to cross examination and rebuttal accordingly. While there may be circumstances in which the market value of the total property, and the actual value of the improvements plus the actual value of the land, are not the same, "in such event the jury may [still] consider the actual value of the land or interest therein appropriated." *Housing Auth. of Savannah v. Savannah Iron &c. Works,* supra, p. 885. The testimony of the expert appraiser for the condemnee was as follows:

Fair market value of entire tract on date of taking
   March 1, 1978                   $27,750.00
     (Fair market value of improvements
       taken                     15,250.00)
     (Fair market value of land        12,500.00)
Fair market value of land taken       2,900.00
Fair market value of land remaining    9,600.00
Consequential damage to remaining property  4,800.00
Total just and adequate compensation   22,950.00

There was no error in permitting appellee's witness to testify to the separate values of the building and the land and give his assessment of fair market value, before taking, as the total of these.

6. The charge of the trial court as a whole does not direct the jury to find consequential damages or indicate that the jury should find consequential damages. The trial judge expressly charged the jury that "the question of whether the rest of the defendant's property not taken will be damaged or not and the amount of damages, if any, are matters exclusively for you. . ." and instructed as to how "consequential damages, if any" are ascertained.

7. There being no errors requiring reversal in the main appeal, we will affirm the judgment of the trial court in the main appeal.

8. By cross appeal, the condemnee Brooks attacks the trial court's striking of the award of attorney fees and expenses of litigation. In accordance with the recent holdings in *Department of Transp. v. Worley,* 244 Ga. 783

(1979), we must hold that the trial court did not err in striking the jury's award of attorney fees.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED FEBRUARY 11, 1980 —

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Oscar M. Smith,* for appellant.

*Robert G. Walther,* for appellee.