## 64768. DEPARTMENT OF TRANSPORTATION v. WILLIS et al.

BANKE, Judge.

This appeal follows a jury verdict in favor of the condemnees in a condemnation case in which the appellant Department of Transportation acquired 3.870 acres from the front of condemnees' farm for highway purposes. Based on a resolution of conflicting evidence as to the value of the land taken and consequential damages to the remaining property, the jury awarded compensation in the amount of $65,000. The appellant's expert, an independent real estate appraiser, testified that the value of the property taken, plus consequential damages, was $18,350. *Held:*

1. The initial enumeration of error concerns testimony given by Mickey Halstead, who was called as a witness by the appellees. Halstead is employed by the Department of Transportation as a staff real estate appraiser under the supervision of the district right-of-way engineer. Although his duties include making appraisals of property involved in right-of-way acquisitions, including one he made concerning the property involved here, he lacked authority to commit the Department to an evaluation. The department concedes that Halstead's appraisal of $32,000 was admissible but contends that under the authority of *Logan v. Chatham County,* 113 Ga. App. 491 (148 SE2d 471) (1966), the court erred in allowing him to be identified, over objection, as an expert employed by the opposing party.

"Any litigant is entitled to select as his witnesses for presenting issues of value and damage those people who he believes will more nearly present the truth of the matter . . ." *Hinton v. Ga. Power Co.,* 126 Ga. App. 416, 419 (190 SE2d 811) (1972). Recognizing the relevance and admissibility of the opposing expert's opinion concerning value, this court in *Logan v. Chatham County,* supra, also acknowledged the prejudice inherent in allowing the jury to know that the appraisal was made by one employed by the opposing party, stating as follows: "The [trial] court did not refuse to allow the expert to testify as the condemnee's witness but ruled in effect that all questions relating to the expert's employment by the condemnor would be irrelevant and inadmissible. In that ruling the trial court was imminently correct. Testimony as to the original employment was not pertinent to the issues in the case and if admitted over objection would have been prejudicial and harmful to condemnor and on appeal by condemnor would have constituted grounds requiring a reversal. Neither party to a condemnation case is bound by rejected opinions of expert witnesses employed by them to appraise realty

being condemned and cannot be prejudiced by the admission in evidence of rejected appraisals made at their instance." At p. 492. Also see *Bowers v. Fulton County,* 122 Ga. App. 45 (8) (176 SE2d 219) (1970), *Dept. of Transp. v. Cochran,* 160 Ga. App. 583 (2) (287 SE2d 599) (1981). The court erred in allowing Halstead to be identified as an expert employed by the appellant.

2. Mr. Willis, one of the appellees, presented evidence, over objection, that because a portion of his farm pond needed for irrigation was lost in the condemnation, he would sustain a $16,920 loss in 1982 on a tobacco crop he planned to plant on 18 acres of his remaining land. The appellant complains that this evidence was inadmissible. We agree. Evidence of "all elements and uses of the land may be taken into consideration to determine the market value of the land taken and the consequential damages to the land not taken. However, under this sort of procedure, a witness may not be permitted to testify separately as to the value of each element." *Southern R. Co. v. Miller,* 94 Ga. App. 701 (1) (96 SE2d 297) (1956). "The land and its natural components are one subject matter and what is required is evidence of the fair market value of that one subject matter." *Dept. of Transp. v. Brooks,* 153 Ga. App. 386 (5) (265 SE2d 610) (1980). "The value of the land to the owner is the intrinsic value of the land itself. It will demand a certain price in the market place because it is suitable for certain uses by an owner or for rental for certain purposes, e.g., dairying or growing crops, or some other use. This is an important consideration in determining its market value. But the point is that when the owner of such land is compensated for the value of the land taken, at whatever that value may be, he is made whole. Likewise, when there is a remainder and the owner is compensated for its change in market value, if any, as a result of the taking, he is made whole." *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (2) (165 SE2d 601) (1968). It follows from these principles that even if the evidence of Mr. Willis' projected loss on his tobacco crop had any probative value, it should have been excluded. Similarly, evidence that the condemnees lost seven pecan trees valued at $28,000 should have been excluded. The existence of the trees on the land taken was certainly a factor to be considered in determining its value, but the loss of the trees was not a separate element of damages which the appellees were entitled to recover in addition to recovering the fair market value of the land as enhanced by the trees. See *Gaines v. Dept. of Transp.,* 140 Ga. App. 741 (3) (231 SE2d 829) (1976).

3. The court's charge that the jury could base its award on actual value as opposed to fair market value was error in the absence of evidence to support such a charge. "The term 'actual value' is used in

Code § 36-504, providing that, in considering consequential damages and benefits, the section 'shall not be so construed as to deprive the owner of the *actual value* of his property so taken or used.' In determining just and adequate compensation, . . . market value and actual value will ordinarily be synonymous. If they are not, that value which will give 'just and adequate compensation' is the one to be sought by the jury in rendering its verdict." *Housing Auth. of Savannah v. Savannah Iron &c., Inc.,* 91 Ga. App. 881, 886 (87 SE2d 671) (1961). See also *State Hwy. Dept. v. Robinson,* 103 Ga. App. 12 (118 SE2d 289) (1961). In the case before us, however, it is clear that the case was tried solely on the theory that market value was the yardstick by which the jury was to award damages. See *State Hwy. Dept. v. Hollywood Baptist Church &c. Inc.,* 112 Ga. App. 857 (1) (146 SE2d 570) (1965).

4. The appellant's other enumerations of error have been considered and are deemed to be without merit.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED FEBRUARY 1, 1983 —

*William A. Erwin, Special Assistant Attorney General, Michael E. Hobbs, Assistant Attorney General,* for appellant.
*Hugh J. Gordon,* for appellees.