A90A0252. WILLIAMS et al. v. MAYOR & CITY COUNCIL OF CARROLLTON.
(394 SE2d 389)

CARLEY, Chief Judge.

Pursuant to the provisions of OCGA § 22-2-100 et seq., appellee-condemnor instituted proceedings to condemn appellant-condemnees' property. Appellants were dissatisfied with the amount that was ulti-

mately awarded by the special master and they appealed to the superior court. The issue of just and adequate compensation was tried before a jury and appellants appeal from the judgment that was entered by the superior court on the jury's verdict.

1. The jury's verdict was within the range of the evidence that was adduced as to the fair market value of the property. Accordingly, appellants' enumeration of the general grounds is without merit. *Southern v. Cobb County*, 78 Ga. App. 58 (2) (50 SE2d 226) (1948).

2. Appellants enumerate as error several instances wherein their witnesses were not allowed to testify as to a separate value for the "chewacla" soil located on the property.

The *fact* that "chewacla" soil was present was a relevant factor to be considered in determining the overall value of the property. See generally *State Hwy. Bd. of Ga. v. Shierling*, 51 Ga. App. 935 (1, 2) (181 SE 885) (1935). However, the *separate value* of the "chewacla" soil would certainly not be a relevant inquiry. "[L]and containing [valuable] deposits . . . may be of greater market value than land without [such] deposits, but . . . the land and the deposits constitute one subject matter and there cannot be a recovery for the land as such, and also for the . . . deposits." *Southern R. Co. v. Miller*, 94 Ga. App. 701, 704 (1) (96 SE2d 297) (1956). "The existence of [chewacla soil] on the land taken was certainly a factor to be considered in determining its value, but the loss of [such soil] was not a separate element of damages which [appellants] were entitled to recover in addition to recovering the fair market value of the land as enhanced by [chewacla soil]. [Cit.]" *Department of Transp. v. Willis*, 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983). Thus, the only relevant inquiry was the overall value of the property, with the fact that the property contained "chewacla" soil being taken into account. The trial court did not err in excluding irrelevant testimony as to the separate value of the "chewacla" soil located on the property.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Jack F. Witcher, John E. Gilchrist, Johnson, Beckham & Price, William P. Johnson*, for appellants.

*Wiggins & Camp, William J. Wiggins*, for appellee.