A91A1950. DAWSON et al. v. DEPARTMENT OF
TRANSPORTATION.
(416 SE2d 163)

CARLEY, Presiding Judge.

After appellee-condemnor condemned a portion of a tract pursuant to OCGA § 32-3-1 et seq., appellant-condemnees appealed and the issue of just and adequate compensation was brought to trial before a jury. At trial, condemnor's expert gave his opinion as to the value of that portion of condemnees' tract that had been taken and as to the consequential damages to the remainder. At the close of condemnees' evidence, condemnor moved for a directed verdict in the amounts to which its expert had testified. Condemnor's motion was granted and condemnees appeal from the judgment that was entered thereon.

1. That portion of condemnees' tract which was taken had been landscaped with trees and shrubs. At trial, condemnees attempted to introduce evidence as to the cost of replacing those trees and shrubs. However, the superior court excluded this evidence and condemnees enumerate this ruling as error.

This evidence clearly was *not* admissible to support a separate recovery for the trees and shrubs. Trees and shrubs are not an improvement on the land such that their loss may be the subject of a separate award of compensation. *Williams v. Mayor &c. of Carrollton,* 195 Ga. App. 590, 591 (2) (394 SE2d 389) (1990); *Department of Transp. v. Willis,* 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983); *Gaines v. Dept. of Transp.,* 140 Ga. App. 741, 742 (2) (231 SE2d 829) (1976). "The land and its *natural components* are one subject matter and what is required is evidence of the fair market value of that one subject matter ([cits.])." (Emphasis supplied.) *Department of Transp. v. Brooks,* 153 Ga. App. 386, 391 (5) (265 SE2d 610) (1980). Accordingly, "[t]he existence of the trees [and shrubs] on the land taken was certainly a factor to be considered in determining its value, but the loss of the trees [and shrubs] was not a separate element of damages which the [condemnees] were entitled to recover in addition to recovering the fair market value of the land as enhanced by the trees [and shrubs]. [Cit.]" *Department of Transp. v. Willis,* supra at

272 (2).

We need not decide whether evidence as to the separate *value* of the trees and shrubs taken would be admissible, not so as to authorize a separate recovery thereof, but merely as a factor which illustrates the value of the property taken as enhanced thereby. The excluded evidence did not relate to the *value* of the trees and shrubs that were taken, but to the *cost of replacing them*. Moreover, condemnees introduced no independent evidence as to the value of that portion of their property which had been taken and stipulated that, if they could not recover for the lost trees and shrubs separately, the testimony given by condemnor's expert as to the value of the property taken was otherwise dispositive.

Insofar as the consequential damages to condemnees' remainder is concerned, the evidence was likewise clearly *not* admissible as relevant to condemnees' separate recovery. The evidence would be admissible, if at all, merely to illustrate the diminished value of the unlandscaped remainder. *Department of Transp. v. Adams*, 193 Ga. App. 866, 868 (2) (389 SE2d 343) (1989). However, the record demonstrates that the condemnees introduced no evidence which would authorize a finding that the amount of consequential damages to their remainder was greater than that to which condemnor's expert had testified. If condemnees offered no independent evidence as to any greater diminution in the value of their unlandscaped remainder, there was nothing beneficial to the condemnees for the excluded evidence to illustrate. It is obviously not reversible error to exclude evidence which might be illustrative of a greater diminution in the market value of an unlandscaped remainder if there is no evidence of a greater diminution in the market value of the remainder to be illustrated thereby.

2. Condemnees enumerate as error the superior court's grant of condemnor's motion for directed verdict. However, the record shows that condemnees did not introduce *any* evidence which would authorize a finding that the value of that part of their tract taken was any greater than the value to which condemnor's expert had testified and that they stipulated that his testimony in that regard was otherwise dispositive. With regard to consequential damages, it has been previously noted that condemnees introduced no evidence which would authorize a finding in an amount greater than that to which condemnor's expert had testified. Under these circumstances, the superior court correctly granted condemnor's motion for directed verdict.

"[T]he condemnor has the burden to prove just and adequate compensation in condemnation cases. [Cits.] This burden never shifts from the condemnor, although once the condemnor has met its burden of proof by establishing a prima facie case, the condemnee must go forward to produce overcoming evidence when he asserts greater

value or damage. [Cits.]" *West v. Dept. of Transp.*, 176 Ga. App. 806, 808 (2) (338 SE2d 45) (1985). "If the condemnee contends that the value or the amount of the damage is greater than is shown by the condemnor's proof and seeks a verdict for some greater amount he must introduce evidence that will itself or together with other evidence in the case support the verdict, else if a verdict is returned for an amount greater than is authorized under the condemnor's evidence it will fall because unsupported." *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (1a) (140 SE2d 109) (1964). "Where[, as here,] the only evidence introduced in a condemnation case, together with all proper inferences to be drawn therefrom, shows that only one verdict would be authorized, it is not error for the trial judge to direct a verdict for the owner in the amount shown by the evidence. . . ." *Fulton County v. Bailey*, 107 Ga. App. 512 (130 SE2d 800) (1963). See also *MARTA v. Martin*, 193 Ga. App. 566 (1) (388 SE2d 346) (1989).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 3, 1992.

*Burkett, Wydro & Schneider, Gene Burkett*, for appellants.
*Michael J. Bowers, Attorney General, Zachary & Segraves, Kenneth L. Levy, Kenneth W. Carpenter*, for appellee.