A92A0416. DEPARTMENT OF TRANSPORTATION v. ULTIMA-TRIMBLE, LTD.
(418 SE2d 820)

CARLEY, Presiding Judge.

Pursuant to OCGA § 32-3-1 et seq., appellant-condemnor took

property belonging to appellee-condemnee and paid estimated compensation into the registry of the court. Condemnee appealed and the issue of just and adequate compensation was tried before a jury. Condemnor appeals from the judgment entered by the trial court on the jury's verdict.

1. Some two years before the instant taking, condemnee had apparently donated a portion of its property to condemnor. On direct examination, condemnee's president made reference to this. At one point, he testified that condemnee had been "forced . . . to donate to [condemnor]" and, shortly thereafter, he testified that condemnee had been "coerced to donate . . . to [condemnor]. . . ." Condemnor then moved for a mistrial outside the presence of the jury, predicating its motion upon *both* references to the previous donation. Compare *Bell v. State,* 159 Ga. App. 621, 622 (3) (284 SE2d 639) (1981). In its motion, condemnor specifically urged that the testimony by condemnee's president as to the previous donation was irrelevant and that for condemnee's president "to interject those statements and the way they were put, [']forced['] and [']coerced,['] . . . could do nothing but prejudice this jury. . . ." Compare *McCormick v. State,* 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979) (non-specific objection). The trial court neither granted condemnor's motion, nor gave immediate curative instructions upon the return of the jury. Outside the presence of the jury, the trial court merely instructed that condemnee's president was "to cease using those kinds of words" and indicated that it would "give sufficient curative instructions at the conclusion of this trial. . . ." The trial court's failure to grant condemnor's motion for mistrial is enumerated as error.

As condemnor urged in the trial court, the testimony by condemnee's president was both irrelevant and prejudicial. The previous donation by condemnee obviously has no relevance to the determination of the amount of just and adequate compensation for the property taken in the instant proceeding and references by condemnee's president to that previous donation as having been "forced" and "coerced" implies that condemnor had acted in bad faith. "The inadmissible evidence undoubtedly [could have] caused the jury to infer that [condemnor] was somehow guilty of pre-taking bad faith, and that such bad faith should be given consideration in the determination of the value of the property on the date of actual taking." *Department of Transp. v. Petkas,* 189 Ga. App. 633, 638-639 (5) (377 SE2d 166) (1988). See also *Antique Center of Roswell v. City of Roswell,* 196 Ga. App. 894, 895 (4) (397 SE2d 146) (1990); *Cobb County v. Sevani,* 196 Ga. App. 247, 249 (395 SE2d 572) (1990).

Despite the prejudice and irrelevancy of the testimony, the trial court neither granted condemnor's motion nor gave immediate curative instructions that the testimony was to be disregarded by the jury.

"Under the facts of this case it was the *duty* of the trial court to exercise its discretion by either granting the motion for mistrial or by taking proper corrective measures to disabuse the minds of the jurors of the prejudicial testimony. [Cits.]" (Emphasis in original.) *Bell v. State,* supra at 623 (3).

At the conclusion of the trial, the trial court did include in its jury charge an instruction to the effect that the jury was not to concern itself "with the right and the necessity of the taking. [Condemnor's] actions in acquiring this property [were] proper and correct, and [the jury] should not give consideration in [its] deliberations as to whether or not [condemner's] actions were unnecessary, were inappropriate, or were in some degree improper. A claim for damage resulting from unnecessary and inappropriate or improper actions that might have been taken by [condemnor] prior to the date of taking would be the basis of a separate claim or case, not this case, not this claim." This charge may constitute a correct statement of the *law.* However, condemnor's motion for mistrial invoked an *evidentiary* ruling by the trial court. The jury may have been correctly charged as to the general law, but it was never correctly instructed as to the specific inadmissibility of the irrelevant and prejudicial testimony of condemnee's president. Having correctly instructed condemnee's president to "cease using those kinds of words" in his subsequent testimony, the trial court, upon the return of the jury, should have immediately instructed it that the previous testimony wherein condemnee's president had used "those kinds of words" was to be given no consideration. By failing to do so, the trial court "admitted such testimony into evidence." *Joiner v. Joiner,* 225 Ga. 699, 701 (2) (171 SE2d 297) (1969). Because it was *never* specifically informed that the testimony of condemnee's president was *not* to be considered, the jury may well have concluded that the trial court's general charge on the law must *not* relate to that testimony and that the trial court's general charge on the law did *not,* therefore, serve to preclude that testimony from being given consideration.

Condemnor's motion invoked a discretionary evidentiary ruling by the trial court. The record demonstrates that the trial court erroneously failed to exercise its discretion. We cannot say that the error was harmless. Accordingly, the judgment must be reversed and a new trial held.

2. Condemnor enumerates as error the trial court's failure to grant another motion for mistrial which was also predicated upon purported irrelevant and prejudicial testimony by condemnee's president. However, we need not address the merits of this enumeration, since a reoccurrence at retrial is unlikely.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED MAY 21, 1992.

*Michael J. Bowers*, Attorney General, *J. Matthew Dwyer, Jr., William W. White*, for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek*, for appellee.