A92A2138. DEPARTMENT OF TRANSPORTATION v. METTS et al.
(430 SE2d 622)

CARLEY, Presiding Judge.

Appellant-Condemnor filed a declaration of taking as to a portion of property owned by appellee-Condemnees. Condemnees filed a timely appeal to the superior court and the issue of just and adequate compensation was tried before a jury. Condemnor appeals from the judgment entered by the trial court on the jury's verdict.

1. In the trial court and on appeal, Condemnees have placed heavy reliance upon an unreported opinion of this Court. We note at the outset that such reliance is misplaced. The unreported opinion "is lacking in value as precedent and is not binding on lower courts within the meaning of Ga. Const. of 1983, Art. VI, Sec. V, Par. III. . . . 'No unreported opinion shall be cited as a physical or binding precedent of the Court.' [Cit.]" *Floyd v. First Union Nat. Bank of Ga.*, 203 Ga. App. 788, 790-791 (1) (417 SE2d 725) (1992).

2. The giving of charges on "uniqueness" is enumerated as error. Evidence that the property was of sentimental significance to the

Condemnees clearly would *not* support a charge on uniqueness. All property can be said to have sentimental value to one whose family has lived on it. However, "[a] merely aesthetic or sentimental value is not sufficient." *Housing Auth. of the City of Atlanta v. Troncalli*, 111 Ga. App. 515, 520 (142 SE2d 93) (1965). "Value to the owner means pecuniary value and not sentimental value. Although the location of the property is a factor in determining its value, the fact that the [C]ondemnee lives near [or lived on] the property is not relevant. Unique value is based on the characteristics of the land and the use of the land by the owner, but not the characteristics of the owner. [Cit.]" *Taylor v. Jones County*, 205 Ga. App. 628, 630 (3) (422 SE2d 890) (1992).

A business had formerly been operated on the property and there was evidence that, considering the property's location and existing improvements, its highest and best use was for commercial redevelopment. This evidence was certainly "admissible in establishing 'market value' of realty, and any decrease [in its suitability for commercial use] following [the partial taking] would be a factor to be assessed by a jury in determining if there was any diminution in the value of the property — hence, to be included in computing consequential damages to the remainder; [but such evidence of the highest and best use of the property is not], as a matter of law, . . . sufficient to authorize a charge on, or a finding of, 'unique[ness],' or an existing use value which is 'peculiar' to the owner." *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348, 354 (3) (299 SE2d 594) (1983).

" '[U]nique property is simply property which must be valued by something other than the fair market standard' because there is no general market for such property. [Cit.]" *Macon-Bibb County Water &c. Auth. v. Reynolds*, supra at 353 (3). Other than the irrelevant sentimental value, "[t]here was no showing . . . that the value to [Condemnees] of the land taken was other than its own intrinsic value for certain purposes." *State Hwy. Dept. v. Hood*, 118 Ga. App. 720, 722 (2) (165 SE2d 601) (1968). Obviously, there is a general market for property with potential for commercial development. The market value of such property will be greater or lesser, depending upon the location, availability of similar parcels, and other market factors capable of quantification. "However, '(a)s long as there is an ascertainable market value, no consideration need be given to value peculiar to the owner. Sentimental value must be ignored. Condemnation proceedings are *in rem* and just compensation must be based upon the value of the rights taken, without regard to the personality of the owner or his personal relationship to the property taken. The value of the property for his personal purposes must be disregarded.' [Cits.]" *Macon-Bibb County Water &c. Auth. v. Reynolds*, supra at 353 (3). "[A]s a matter of law, there being no evidence of uniqueness

or existing use with value peculiar to the [Condemnees], it was error to give a charge permitting computation of damages on a basis other than market value. [Cits.]" *Macon-Bibb County Water &c. Auth. v. Reynolds*, supra at 355 (3).

3. The trial court erred in failing to sustain an objection to testimony concerning the sentimental value of the property. Such testimony was irrelevant. *Taylor v. Jones County*, supra.

4. In a partial taking case, evidence as to the cost to cure may be admissible as a factor to be considered in determining the amount of recoverable consequential damages to the remainder. *Dept. of Transp. v. Adams*, 193 Ga. App. 866, 868 (2) (389 SE2d 343) (1989); *State Hwy. Dept. v. Jackson*, 100 Ga. App. 704, 706 (4) (112 SE2d 356) (1959). In the instant case, however, the trial court erred in allowing evidence as to the cost to cure at the time of trial rather than the cost to cure at the time of the taking. "The diminution in value of the remainder that is the measure of consequential damages should be measured as of the *date of the taking*. . . . The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance *just prior* to the time of the taking compared with its market value in its new circumstance *just after* the time of the taking. [Cits.]" (Emphasis supplied.) *Wright v. MARTA*, 248 Ga. 372, 375-376 (283 SE2d 466) (1981). Testimony that the costs in the instant case had "risen just a little bit" between the time of the taking and the time of trial was not sufficient. Cf. *MARTA v. Dendy*, 250 Ga. 538, 541 (1a) (299 SE2d 876) (1983).

5. The Condemnees submitted a number of photographs. The Condemnor objected to these photographs, as a whole, contending that they were all inadmissible as showing temporary inconvenience during construction of the project. The trial court's refusal to sustain this objection is enumerated as error.

A review of the photographs shows that, although the Condemnor's objection was probably well taken as to at least some of them, it was not well taken as to all of them. "Under these circumstances there was no error in overruling the objection as made, the objectionable [photographs] in the group objected to not being pointed out with particularity and some of the evidence objected to being admissible. [Cits.]" *Hudson v. Miller*, 142 Ga. App. 331 (1) (235 SE2d 773) (1977).

6. The Condemnees introduced evidence of replacement costs of various improvements without any evidence of depreciation also being introduced. The Condemnor's motion to strike this testimony was erroneously denied. *MARTA v. Dendy*, supra at 542 (1a); *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249, 251 (3) (361 SE2d 241) (1987). The Condemnees' reliance upon *Dept. of Transp. v. Brand*,

149 Ga. App. 547 (254 SE2d 873) (1979) is misplaced. *Brand* was overruled in *MARTA v. Dendy*, supra at 542 (1a).

7. The trial court erred in allowing Condemnees to give their opinion of the value of their property. "There was no attempt to establish [their] knowledge, experience or familiarity with the value of [improvements] or real estate generally or of those values in the vicinity . . . in particular. . . . It follows that the trial court erred in allowing such opinion evidence of value, even though by the owner[s] of the property in question." *Dept. of Transp. v. Kirk*, 138 Ga. App. 180, 181 (1) (225 SE2d 781) (1976).

8. There was no evidence of a non-compensable change in traffic patterns. Accordingly, the Condemnor could not have been harmed by the trial court's refusal to charge the jury that adverse changes in traffic patterns were non-compensable.

9. The Condemnor enumerates as error the giving of a charge on trees and shrubs. "[N]o error was committed. The charge as stated, although perhaps subject to improvement by rewording, is correct." *Gaines v. Dept. of Transp.*, 140 Ga. App. 741, 742 (2) (231 SE2d 829) (1976). See also *Dawson v. Dept. of Transp.*, 203 Ga. App. 157 (1) (416 SE2d 163) (1992); *Dept. of Transp. v. Willis*, 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983).

10. The Condemnor's request to charge on the issue of the Condemnees' access to their remainder was a correct statement of the law and adjusted to the evidence and the trial court's refusal to charge in accordance therewith was harmful error. *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576, 577 (1c) (333 SE2d 866) (1985).

11. The Condemnor requested a charge to the effect that the willingness or unwillingness of the Condemnees to sell their property was irrelevant. The refusal to give this requested charge is enumerated as error.

There is authority for the proposition that it is error to refuse to give such a charge. *State Hwy. Dept. v. Casey*, 123 Ga. App. 70 (2) (179 SE2d 541) (1970). However, that holding in *Casey* is in conflict with controlling Supreme Court authority. *Bowers v. Fulton County*, 221 Ga. 731, 742 (9) (146 SE2d 884) (1966). Accordingly, the holding in *Casey*, supra at 70 (2), must be overruled. It follows that the trial court did not err in refusing to give this requested charge.

12. The Condemnor's remaining enumerations of error relate to the failure to give certain requested charges. There was no error, because the charge, as given by the trial court, "constituted a sufficient instruction on the principle[s] [contained in the refused requests]." *Mathis v. Dept. of Transp.*, 185 Ga. App. 658, 660 (4) (365 SE2d 504) (1988). See also *Housing Auth. of the City of Calhoun v. Spink*, 91 Ga. App. 72, 75 (85 SE2d 80) (1954).

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong,*

*P. J., Beasley, Cooper, Andrews, Johnson and Blackburn, JJ., concur.*

Decided March 12, 1993 —
Reconsideration denied April 2, 1993

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Kopp & Conner, Neal L. Conner, Jr., Mary Jane Cardwell,* for appellant.
*Robert B. Sumner, Berrien L. Sutton,* for appellees.