A94A1488. ULTIMA-TRIMBLE, LTD. et al. v. DEPARTMENT OF TRANSPORTATION.
(448 SE2d 498)

BEASLEY, Presiding Judge.

The condemnee appeals from the award of the jury, reduced to judgment, being dissatisfied with the admission of certain evidence and with one of the court's jury charges. This was the second trial of the land condemnation action, the judgment following the first having been reversed. *Dept. of Transp. v. Ultima-Trimble*, 204 Ga. App. 309 (418 SE2d 820) (1992). Pretaking matters are the subject in this appeal as well.

1. Condemnee had divided the land into lots for residential development. Lots sold after the taking sold for less than lots sold prior to it. At issue was the cause of the decrease, as related to consequential damages.

Among condemnee's evidence was that the taking resulted in its having to reduce three lots in a cul-de-sac to two in order to meet zoning requirements, due to the taking. An engineer called as an expert by condemnor testified that the footprint of the three lots could

be reconfigured to still constitute three lots and comply with the zoning ordinance. He testified that the additional easement had very little or no significant effect on buildability of the lots. He was asked to explain how setback requirements relate to the easement area and testified that the zoning ordinance allowed building right up to the easement, to explain his plan. Condemnee objected on the grounds that the ordinance itself was the highest and best evidence of what was required and that the witness was not qualified to give a legal opinion interpreting the ordinance. The court overruled the objections.

Because the ordinance is not in the record, we cannot resolve whether the engineer was merely applying the ordinance, as condemnor argues, or interpreting it. It may make a plain statement about the relation of setbacks to easements, or it may require interpretation which is subject to differing views. In any event, the court instructed the jury that the expert's plan was merely based on his opinion regarding setback requirements, pointing out that it differed from the plat filed by the county. There is no cause for us to conclude that a lawyer's expertise was necessary to determine whether the ordinance required a setback from the easement. An explanation of the basis for the engineer's plan for the property was not inadmissible on the ground that it was based in part on his understanding of the zoning ordinance setback requirement. See *Dept. of Transp. v. Brooks*, 153 Ga. App. 386, 388 (2) (265 SE2d 610) (1980). The challenger had the burden of showing wherein it was inadmissible. *Queen v. Bair*, 137 Ga. App. 30, 31 (2) (223 SE2d 8) (1975).

Condemnee does not pursue the overruling of the other objection, so we do not address it.

2. The condemnee enumerates as error a jury charge, on the grounds that there was no evidence to support it and that it constituted an improper comment on the evidence. The charge was that "losses occurring to the property before the actual date of taking are not compensable in direct condemnation actions. Thus, while there is a diminution in value as a result of anticipated condemnation, no compensation may be paid."

At trial, the condemnee excepted to the charge on the ground that it was a comment on the evidence, whereby the court told the jury that there *was* a decrease in value before the taking, which is not compensable. It also contended that there was no evidence of pretaking decrease due to announcement of the prospective taking.

In the first place, there was evidence of pretaking decrease, including expert testimony of real estate market decline for single family residences and of an adverse impact on market value of the announcement of the DOT project. Thus the charge was adjusted to the evidence. "When there is any evidence, however slight, upon a partic-

ular issue, it is not error for the court to charge the law in relation to that issue. [Cit.]" (Punctuation omitted.) *Hicks v. Doe*, 206 Ga. App. 596, 598 (426 SE2d 174) (1992).

Second, we do not view the charge as being a comment on the evidence. It is a quotation of legal principles from *Josh Cabaret, Inc. v. Dept. of Transp.*, 256 Ga. 749 (3) (353 SE2d 346) (1987). Although the use of the word "where" rather than "while" would have been better so as to be sure not to intimate that there was in fact a diminution, that being a jury question, the context in which the charge was given makes that clear enough. If there was the slightest doubt, the court eliminated it by its emphasizing, soon thereafter, that "anything I did or said during the trial of this case was not intended to and did not intimate, hint or suggest to you which of the parties I thought should prevail in the case."

No reversible error has been brought to our attention which requires a new trial as a matter of law.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 9, 1994.

*Peek & Whaley, J. Corbett Peek, Jr., Starkey, Land & Crowley, G. Roger Land,* for appellants.

*Michael J. Bowers, Attorney General, Dwyer & White, J. Matthew Dwyer, Jr., Anne W. Sapp,* for appellee.