A95A1720. DEPARTMENT OF TRANSPORTATION v. INTO et al.
(464 SE2d 886)

RUFFIN, Judge.

The Georgia Department of Transportation ("DOT") filed this condemnation action against Dovie J. Into to condemn a .59 acre narrow strip of land he owned in Treutlen County. The DOT condemned the property, along with a five-foot slope easement along Into's property, for a road widening project. The jury valued Into's damages at $5,500 and returned a verdict in that amount. DOT appeals, asserting the trial court erred in allowing Into to testify as to the value of the condemned property, the amount of consequential damages, and the value of a fence acquired in the condemnation. Because we find the court did not abuse its discretion in admitting the foregoing testimony concerning the value of the condemned property and consequential damages, we affirm.

1. Generally, the competency of a witness to testify concerning an opinion of value is a matter for the trial court's discretion. *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576 (3) (333 SE2d 866) (1985). An owner of condemned property is permitted to give such testimony, provided that he can first establish his "knowledge, experience or familiarity with the value of improvements or real estate generally or of those values in the vicinity in particular." (Citation and punctuation omitted.) *Dept. of Transp. v. Metts*, 208 Ga. App. 401, 404 (7) (430 SE2d 622) (1993). See also *Pilgrim*, supra.

We disagree with DOT's contention that the trial court abused

its discretion in allowing Into's testimony in this case. Into testified that he had visited the property since approximately 1946 and that he was "slightly" familiar with the property's history. He also stated that his wife inherited a one-sixth share of the property in approximately 1980 or 1982 and that he purchased the other inherited shares in 1991 and 1992 for $12,000 each. Although Into admitted that he had never purchased any other property in Treutlen County, he testified the value he placed on the condemned property was based on his 1992 purchases and his experiences as a farmer, game warden and businessman. Based on the foregoing, Into testified that in his opinion the value of the condemned property was $5,000.

" 'The courts of this state have traditionally granted condemnees of land considerable leeway in presenting evidence bearing upon the market value of their condemned land.' " Id. at 579. Granting Into such leeway, and in light of his testimony concerning his purchases of the condemned property and his occupational experiences, we do not find that the trial court abused its discretion in allowing him to testify as to the value of the condemned property. Into's competency having been determined by the court, "[t]he credibility and weight of such evidence [was] then for the jury. [Cits.] In this case it was not error to permit the testimony and subject it to the jury's assessment." Id. at 580.

2. DOT's second enumeration of error, that the trial court erred in allowing Into to testify concerning consequential damages to his remaining property, is also based on Into's alleged failure to establish his knowledge or familiarity with property values. " 'The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking.' [Cit.]" *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 230 (3) (312 SE2d 344) (1983). Having found in Division 1 that Into laid a proper foundation to testify as to the value of property, it follows that he was competent to testify concerning the diminution in market value of the remaining property. Accordingly, the trial court did not err in allowing Into to testify concerning consequential damages.

3. DOT also asserts the trial court erred in allowing Into to testify concerning the value of a fence taken in the condemnation. We disagree. Into testified that approximately one-half mile of fence was condemned and that although the fence was dilapidated and overgrown with shrubbery, bushes, and briars, it was serviceable. Into further testified that he maintains a fence on other farm land he owns, that he purchases the materials to maintain the farm land fence, that he is familiar with what it costs to build a fence, and that the value of the fence taken in 1992 was $1.50 per foot.

DOT contends that because Into's testimony concerning the value of the fence did not include any testimony of depreciation, the trial court erred in admitting it. However, replacement-cost-less-depreciation is not the only method available to prove the value of property taken. See *Almond v. MARTA*, 161 Ga. App. 363 (1) (288 SE2d 129) (1982). The value of improvements may also be shown by evidence of market value, and as we stated in Division 1, a condemnee can testify concerning the market value of improvements if he can show he has knowledge, experience or familiarity with the value of such improvements. Id.; *Metts*, supra at 404. Because we find the foregoing testimony showed that Into had the requisite knowledge, experience and familiarity with the value of fences, the trial court did not abuse its discretion in admitting his testimony.

4. DOT asserts the trial court erred in denying its motion for a directed verdict made at the close of all the evidence. Having ruled above that the jury had before it competent evidence of damages, we hold that the trial court did not err in denying DOT's motion for directed verdict. See OCGA § 9-11-50 (a).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995.

*Michael J. Bowers, Attorney General, Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith,* for appellant.
*John J. Ellington,* for appellees.