A96A1093. GUNN v. DEPARTMENT OF TRANSPORTATION.
(476 SE2d 46)

Judge Harold R. Banke.

As part of its Golden Isles Parkway project, the Department of Transportation ("DOT") condemned 23.726 acres and obtained certain easement rights to rural Houston County land belonging to Otis Gunn. Gunn contested the DOT's offer of $25,200 for the taking, and contended that fair compensation should encompass both surface and subsurface value, which included large subterranean limestone deposits. On appeal, Gunn challenges one jury charge as harmfully misleading and the denial of the jury's request to rehear the testimony of one of his experts.

The sole issue for jury determination was whether the DOT's compensation offer which included no remuneration for the known limestone deposits on Gunn's land was fair and constitutional. DOT retained an engineering firm which drilled ten holes in the right-of-way and confirmed the presence of limestone underneath. Although it is undisputed that the property taken contained millions of tons of limestone, DOT contended that because the limestone was not being mined on the date of the taking, no purchase offer was then pending, and no plans to mine the limestone had been formulated as of March 13, 1991, Gunn was precluded from any recovery for the value of the limestone.

The DOT's only witness, a real estate appraiser who admitted he had no expertise in evaluating limestone deposits, testified that the limestone added no value to the condemned property and that the highest and best use of the property acquired was agricultural or timberland use. Assigning no value to the limestone, he testified that the property's fair market value on the date of taking was $18,000, based on comparable agricultural land or timberland. Gunn's experts, who took the presence of limestone into account, valued the land exponentially higher. Gunn appeals the jury's verdict of $23,500. *Held*:

1. Gunn contends the trial court erroneously instructed the jury on the theory of reasonable probable use. Gunn objected to the following charge: "In regard to value, you should determine whether there is a reasonable probability that the land and the limestone in the ground could have been used as contended as of . . . March 13th, 1991." Gunn argued that the charge was erroneous and misleading because it was based on *Dept. of Transp. v. Benton*, 214 Ga. App. 221

(447 SE2d 159) (1994), a case not involving mineral deposits. He claimed that *Benton* did not apply because it dealt with speculation about the possible future use of condemned land, rather than the known, unalterable fact of limestone deposits in the land at issue.

As in *Dept. of Transp. v. Sharpe*, 219 Ga. App. 466, 468 (2) (465 SE2d 695) (1995) (cert. granted) we again find *Benton* has no application to mineral deposit cases. In *Benton*, the trial court erroneously allowed speculative testimony concerning the hypothetical future development of the condemned land as subdivision lots. Id. *Benton* turned on the issue of prospective future use of the land. Here, as in *Sharpe*, supra, the issue is the present value of the land which includes a known natural resource at the time of taking.

Georgia law on the method of valuing land containing mineral or soil deposits suitable for extraction is clear. See, e.g., *Williams v. Mayor &c. of Carrollton*, 195 Ga. App. 590 (394 SE2d 389) (1990) (calculation of the overall value of property must include valuable soil deposits). The presence of subterranean minerals is a relevant factor to be considered in determining the overall value of property. Id. at 591 (2). See generally *State Hwy. Dept. v. Robinson*, 103 Ga. App. 12, 15 (2) (118 SE2d 289) (1961). See *Ga. Power Co. v. Owen*, 207 Ga. 178, 179 (60 SE2d 436) (1950). Land containing valuable deposits may be of greater market value than land without such deposits, but the land and the deposits constitute one subject matter and there cannot be separate recovery for the land and also for the deposits. *Southern R. Co. v. Miller*, 94 Ga. App. 701, 704 (1) (96 SE2d 297) (1956).

A *Benton*-type analysis is inappropriate under these facts. Instead, "[t]he only relevant inquiry [is] the overall value of the property on the date of taking with the presence of the limestone deposits being taken into account." *Sharpe*, 219 Ga. App. at 468. Gunn was entitled to recover the fair market value of the land as enhanced by the limestone. *Williams*, 195 Ga. App. at 591 (2).

The disputed instruction improperly made the jury's consideration of the limestone's value conditional on its determination of the reasonable probability as to whether the land could have been mined as of March 13, 1991. This allowed the jury to determine the value of Gunn's land on the date of the taking without ascribing any value to the limestone deposits if the jury concluded there was no reasonable probability that on that date the limestone could have been mined. Compare *Williams*, 195 Ga. App. at 591 (2). The charge as worded disallowed the permissible analysis of possible future use and instead limited the jury's consideration to determining whether the land could be used for mining only as of March 13, 1991. Compare *Dept. of Transp. v. Katz*, 169 Ga. App. 310, 315 (5) (312 SE2d 635) (1983). The charge is confusing and subject to more than one interpretation.

Moreover, the charge contradicts the pattern instruction given by the court which required consideration of "all the capabilities of the property and all the uses to which the land may be applied, or for which it is adapted." See OCGA § 22-2-62; *Hard v. Housing Auth. &c. of Atlanta*, 219 Ga. 74, 80 (132 SE2d 25) (1963). Juxtaposed, these internally inconsistent charges so clearly confused the jury that the condemnee was given no consideration for the value of the minerals under his property.

We thus reject the DOT's argument that considering the court's charge as a whole, the jury was correctly instructed. Compare *Dept. of Transp. v. Swanson*, 191 Ga. App. 752, 755 (4) (382 SE2d 711) (1989) (in context, court's instruction properly allowed jury to correctly consider elements affecting value). On the contrary, we find that the charge as a whole, rather than correcting the error, compounded it by confusing the jury with irreconcilable instructions. Moreover, the charges appeared to shift the burden of proof to Gunn to prove the value of the property taken.[1] Because the charge is inherently confusing and an inaccurate statement of the law applicable to the valuation of mineral deposits, the trial court erred as a matter of law in permitting the charge. OCGA § 5-5-24 (c); *Williams*, 195 Ga. App. at 591. We find the use of this instruction requires reversal. *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549, 550 (1) (445 SE2d 343) (1994); see *Akin v. Patton*, 235 Ga. 51, 55 (218 SE2d 802) (1975) (misleading and confusing charge may require new trial).

2. Having determined in Division 1 to reverse and remand, Gunn's remaining enumeration is rendered moot.

*Judgment reversed and remanded. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 9, 1996 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Daniel, Lawson, Tuggle & Jerles, Tom W. Daniel, William R. Jerles, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Sell & Melton, Michelle W. Johnson, John A. Draughon*, for appellee.

---

[1] The court charged, "When, as in this case, the condemnees contend that the value of the property taken is greater than shown by the condemnor, Department of Transportation, the condemnees have the burden of going forward with evidence of greater value." Compare *Dawson v. Dept. of Transp.*, 203 Ga. App. 157, 158 (2) (416 SE2d 163) (1992) (burden of proof never shifts from condemnor); Suggested Pattern Charges, Civil Cases, Vol. I, p. 50.