28799. GILL et al. v. BASSETT et al.

GUNTER, Justice.
This is an appeal from a judgment construing a will. Appellants contend that appellee, Mary W. Bassett as executrix and as an individual, is not entitled to receive

a specific bequest of personalty and two specific devises of realty set forth in the will of the testatrix.

Appellants' position is based on the fact that Mary W. Bassett is the daughter of Woodrow Waters, and Item Five of the will which followed earlier items that made the bequest and devises to Mary W. Bassett provided: "Having provided for my son, Woodrow Waters, during his lifetime, I leave nothing to his heirs." Item Six of the will named Mary W. Bassett executrix of the estate.

The trial judge held that Mary W. Bassett, even though she was the daughter and an heir-at-law of Woodrow Waters, was entitled to the specific bequest and devises made to her in Items Two, Three, and Four of the will.

We affirm the judgment. Mary W. Bassett was the granddaughter of the testatrix; in the three items of the will preceding Item Five she was specifically named as legatee and devisee; and in Item Six she was specifically named executrix of the estate. The fact that Item Five of the will stated that the testatrix left nothing to the heirs of Woodrow Waters does not have the effect of voiding the specific bequest and devises to his daughter, one of his heirs-at-law.

It is elementary that the intention of the testatrix is to be determined from a consideration of the entire will. Here, though Item Five is inconsistent with the other four items mentioned, the other four items heavily outweigh Item Five in determining the true intention of the testatrix. See *Rogers v. Highnote,* 126 Ga. 740 (56 SE 93) (1906).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1974 — DECIDED SEPTEMBER 3, 1974.

*L. H. Hilton,* for appellants.
*W. J. Millican, III,* for appellees.