## 49693. AIKEN ASPHALT PAVING COMPANY, INC. v. WINN.

PANNELL, Presiding Judge.

This action, sounding in tort, was brought by plaintiff, a resident of South Carolina, as administrator of the estate of his deceased wife, a former resident of South Carolina, against the defendant, a foreign corporation, incorporated in the State of South Carolina. Defendant at the time of the incident, was not registered with the office of the Secretary of State of Georgia to do business in this state, but was engaged in paving roadways at the Doctor's Hospital in Augusta, Georgia, as a subcontractor and had numerous pieces of its heavy equipment at the job site.

The complaint arose as a result of a motor vehicle collision in the City of North Augusta, South Carolina, between a truck owned by defendant and being operated by one of its employees in connection with a South Carolina paving project, and an automobile operated by the deceased wife. Among the defenses filed, the first seven were as follows: 1. Lack of jurisdiction over the person and defendant. 2. Insufficiency of service of process upon defendant. 3. That service upon an individual [manager and secretary of defendant] at the Doctor's Hospital in Richmond County, Georgia, is insufficient to give this court jurisdiction over the person of defendant. 4. That service by second original upon [a director of defendant] at Thomson, McDuffie County, Georgia, is insufficient to give this court jurisdiction over the person of defendant. 5. That service upon Secretary of State is insufficient to give this court jurisdiction over the person of defendant. 6. That venue of this action is improper in Richmond County, Georgia. 7. That the complaint fails to state a claim against defendant upon which relief may be granted.

Following the filing of defendant's answer, plaintiff moved for a partial summary judgment with respect to defendant's first through seventh defenses. The motion was heard and the trial judge treated the motion as one for summary judgment and entered an order holding the first through fourth defenses to be without merit and

ordering them "dismissed"; granting "summary judgment" as to the second, third and sixth defenses, there being no genuine issue of material fact for determination of a jury with respect to such defenses; "dismissed" the fourth and fifth defenses as moot; and "dismissed" the seventh defense. Defendant appealed from this order. Appellee moved this court to dismiss the appeal on the grounds that the order appealed from was not a final judgment or an appealable order and no certificate for immediate review was issued in connection therewith. *Held:*

1.   Appellees moved to dismiss the appeal on grounds the judgment rendered was not final and the case was still pending in the court below. A summary judgment was granted against some, if not all, of the defenses. It thus became an appealable order, for the Civil Practice Act provides: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal." Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 338 (Code Ann. § 81A-156 (h)). See also, *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813 (168 SE2d 827).

2.   Appellant enumerates that "The lower court erred in granting summary judgment to the appellees as to the second, third and sixth defenses of appellant and in striking and dismissing the first, second, third and sixth defenses raised; and also in striking and dismissing as moot appellant's fourth and fifth defenses . . ." For the purpose of this opinion we will segment this enumeration of error.

(a)   While the trial court erred in considering matters in abatement of the action in a summary judgment proceedings, and under different circumstances we might have remanded this case for further proceedings (*Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833 (1), 182 SE2d 693; *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15, 195 SE2d 291; *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 615)), yet, we do not remand because of this error where the facts here were few, uncontradicted, uncomplicated and in large part admitted by the parties, the main contest being over questions of law, and upon the application of law to these facts, the result reached, though through an

improper vehicle, was clearly demanded. See *Lamex, Inc. v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445); *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687, 692 (2) (197 SE2d 754). In this connection we do not intend to hold, and do not so hold that we are required to follow this course.

(b) The deposition of Mr. Otis Bryan, Jr., disclosed that he is manager and secretary, as well as stockholder in appellant corporation and had been since its organization in mid-1972. It also was disclosed that through the end of 1973, appellant had engaged in nine major paving projects in the State of Georgia. Thus, we are not faced with an isolated transaction, but with extended activities which evidence an intention to continue business in this state. *Winston Corp. v. Park Elec. Co.,* 126 Ga. App. 489 (191 SE2d 340). The evidence in the instant case demanded a finding that appellant was "doing business" in this state.

(c) Appellant next attacks the sufficiency of service of process in its second and third defenses. Mr. Bryan, appellant's manager and secretary, was served on the site at Doctor's Hospital, Augusta, Georgia, where paving operations were being performed as part of appellant's business. That constitutes valid service as a matter of law. Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689, 692 (Code Ann. § 81A-104 (d) (2)).

(d) Appellant's attack on venue is predicated on the facts that the parties and the deceased were citizens of South Carolina; the collision occurred in South Carolina; the complaint did not arise from use of Georgia highways; and, no harm resulted to any Georgia citizen or property, sounding either in tort or contract. Code § 3-206 provides that: "A person not a citizen of this State, passing through or sojourning temporarily in the State, may be sued in any county thereof in which he may be at the time when sued." In construing this statute, the Supreme Court of the State of Georgia held: "[T]he test of jurisdiction is not residence or non-residence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is

asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method for perfecting service on it by serving its agents . . ." *Reeves v. Southern R. Co.,* 121 Ga. 561, 563 (49 SE 674); *Southern R. Co. v. Parker,* 194 Ga. 94 (21 SE2d 94). This, of course, is subject to the proviso that enforcement of the cause of action would not be contrary to our laws and policy of this state. We find no such transgressions of the law. These opinions, id., also are applied only to transitory causes of action, i. e., those that involve alleged tortious conduct which could have arisen any place. Such applies to the instant case. We find no lack of venue.

(e) In view of the holdings, supra, the foregoing attacks on the alternate modes of service, as raised in the fourth and fifth defenses, are in fact and law moot as held by the trial judge. It is axiomatic that only one valid service of process need be effected.

3. As to the seventh defense, which also was dismissed by the trial court, it was alleged that the complaint failed to state a claim upon which relief may be granted. Appellant does not enumerate this action as error and it is, therefore, not before us for review.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED OCTOBER 11, 1974.

*Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr., Victor M. Baird,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr.,* for appellee.