### 68362. WILLIAMS v. HEYKOW, INC. et al.

CARLEY, Judge.

Appellee filed suit to recover property damage resulting from an automobile collision which was allegedly caused by appellant's negligence. The return of service indicated that appellant had been served "by handing to *him* a copy" of the complaint on March 2, 1983. (Emphasis supplied.) On April 7, 1983, appellant filed both her answer and a counterclaim for the damage to her automobile. Appellant paid no costs when she filed her pleadings.

On August 19, 1983, appellees filed a motion for partial summary judgment "on the grounds of default." Appellees' motion was supported by the affidavit of the court clerk who stated that no costs had been paid by appellant. Appellees also submitted the affidavit by the deputy sheriff who had signed the return of service. The deputy sheriff's affidavit stated that he had personally served appellant on March 2, 1983, and that the use of the inappropriate pronoun "him" in the return of service was "merely human error."

In opposition to appellees' motion, appellant filed her own affidavit. Appellant stated therein that she had not been personally served with the complaint until March 11, 1983. Appellant therefore urged that her answer and counterclaim had been timely filed within thirty days of service and that she therefore was not in default.

The trial court heard appellees' motion and entered an order granting them "partial summary judgment." It is from this order that appellant appeals.

A motion for summary judgment is designed to test the merits of a claim. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208

SE2d 459) (1974). The wording of the order granting "partial summary judgment" indicates that the ruling was being made in response to a challenge of "the sufficiency of service of process [, which challenge] may be heard and determined by the court before trial on application of any party. OCGA § 9-11-12 (d)." However, such a challenge has nothing to do with the *merits* of a claim and cannot be considered in the procedural context of a motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, supra. Moreover, appellant had not raised insufficiency of service of process as a *defense* to appellees' suit. Since appellant had not invoked the defense of OCGA § 9-11-12 (b) (5), appellees' motion for "partial summary judgment" cannot be construed as a motion for a preliminary hearing pursuant to OCGA § 9-11-12 (d). The trial court erroneously relied on that code section as authority to hear and grant appellees' motion for "partial summary judgment." Thus, on the record before us, the grant of appellees' motion for "partial summary judgment" cannot be construed as a ruling resolving only an OCGA § 9-11-12 (b) defense, which limited ruling would be procedurally erroneous but potentially harmless in its result. Compare *Ogden Equip. Co. v. Talmadge Farms*, 132 Ga. App. 834 (209 SE2d 260) (1974); *Aiken Asphalt Paving Co. v. Winn*, 133 Ga. App. 3, 4 (2a) (209 SE2d 700) (1974). Appellees were apparently granted judgment on the merits as to some part of the "claim" itself.

Appellees' motion was clearly predicated on assertions of appellant's default. The motion did not, however, invoke the applicable statutory provisions. OCGA § 9-11-55, not OCGA § 9-11-56, is the controlling statute on the issue of default. A motion for "partial summary judgment" is not an appropriate means by which a plaintiff can secure a judgment based upon the defendant's alleged default. "Assuming for the purpose of argument that [appellant] . . . was in default, the proper judgment to be entered was . . . a default judgment pursuant to [OCGA § 9-11-55], and not a summary judgment pursuant to [OCGA § 9-11-56], which is inappropriate under the circumstances here." *Avis Rent A Car System v. Rice*, 132 Ga. App. 857-858 (209 SE2d 270) (1974). The order granting "partial summary judgment" is reversed on the basis that it was clearly inappropriate under the circumstances, and the case is remanded to the trial court where the parties shall be free to pursue whatever applicable procedures may be available to them.

*Judgment reversed and case remanded. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Stanley B. Palmer*, for appellant.
*Stephen H. Harris*, for appellees.