A06A0515, A06A0516. FOREST CITY GUN CLUB v. CHATHAM COUNTY; and vice versa.

(633 SE2d 623)

PHIPPS, Judge.

The Forest City Gun Club filed a direct appeal from an order entered in a partial-taking condemnation. Chatham County filed a cross-appeal. Because this court has no jurisdiction to consider either the appeal or the cross-appeal, both cases must be dismissed.

In May 2002, pursuant to OCGA § 32-3-1 et seq., Chatham County acquired land owned by Forest City and deposited in court its estimate of just and adequate compensation. Dissatisfied with the amount, Forest City appealed for a jury trial. During discovery, Forest City asserted that the acquired land contained borrow material, or fill dirt; claimed that the appropriate method for valuing the acquired land was a "price per unit" method, which Chatham County had not used; set forth its calculation of the market value of the acquired land, using a price per unit method; set forth its calculation of consequential damages, including the cost of building a berm; and cited evidence that it claimed supported a higher amount than that estimated by Chatham County to constitute just and adequate compensation.

Chatham County filed a motion captioned "Chatham County, Georgia's Motion for Summary Judgment Regarding Respondent's Improper Valuation Method." Therein, the county argued that Forest City's proposed price per unit method of valuing the acquired land was inappropriate; that evidence pertaining to the price per unit method should be excluded; that the appropriate method for determining the fair market value of the acquired land was the comparable sales approach; that Forest City was not entitled to be compensated for the cost of building a berm; that, if the highest and best use of the subject property was borrow material, then Forest City would not be entitled to compensation for damages to the remainder of its property based on a highest and best use as residential; and that "the benefits to the subject property as a result of the sale of borrow material for the . . . public road project should offset any damages to the remaining land."

In responding, Forest City reiterated its positions asserted earlier. In addition, it presented evidence of past sales of Chatham County land for use as borrow pits.

The superior court "denied in part and granted in part" Chatham County's motion in an "Order on Petitioner's Motion for Partial Summary Judgment as to Valuation Method." Therein, the superior court footnoted, "[P]rior to filing this motion for summary judgment, during a conference with the parties, the parties indicated their desire to submit issues regarding the sufficiency/admissibility of

Forest City's evidence to the Court via summary judgment and the Court agreed to allow the parties to do so." The superior court ruled that: (a) Forest City was barred from proposing to the jury its price per unit calculation because Forest City had failed to account for associated expenses of excavation; (b) Forest City's comparable sales evidence was admissible to show the value of the acquired property for use as a borrow pit; and (c) Forest City could present evidence of its various costs to replace improvements destroyed or rendered useless after the taking, including the cost of constructing a berm. Twenty-seven days after the superior court's order was entered, Forest City filed a notice of appeal. Chatham County thereafter filed a notice of cross-appeal.

In Case No. A06A0515, Forest City challenges the court's ruling barring evidence in support of its price per unit calculation. In Case No. A06A0516, Chatham County contends that the superior court erred in ruling that Forest City could present evidence of consequential damages based on a residential highest and best use, and at the same time, present evidence of the cost of constructing a berm, which is based on the highest and best use of the acquired property as commercial for borrow material. Chatham County also contends that the superior court erred in ruling that Forest City could present evidence of the cited sales. And Chatham County contends that the superior court erred in failing to rule on its argument that the benefits to the acquired property should offset any damages to the remaining land.

This court has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court.[1] Where it is apparent that jurisdiction to decide the case does not exist, the appeal must be dismissed.[2]

Forest City relies upon OCGA § 9-11-56 (h) as the basis for this court's jurisdiction over its appeal. That subsection provides that, generally, a losing party has the right to a direct appeal from an order granting partial summary judgment.[3] But pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature.[4] Applying this rule of construction, we conclude that the part of the superior court's ruling appealed in Case No. A06A0515 was not a viable grant of partial summary judgment.

---

[1] *Byrd v. Goodman*, 192 Ga. 466-467 (1) (15 SE2d 619) (1941).

[2] Id. at 467; *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994).

[3] See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 265 (491 SE2d 471) (1997).

[4] Id. at 266.

"[OCGA § 9-11-56] contemplates a judgment on the merits."[5] "A motion for summary judgment is designed to test the merits of a claim."[6] Here, Forest City and Chatham County agreed below that Forest City has a claim for just and adequate compensation; they disagreed about what evidence and methods of calculations could be used in the determination thereof. Indeed, in appealing to the superior court for a jury trial, Forest City raised only the claim that the amount estimated by Chatham County and thereafter deposited in court fell short of just and adequate compensation.[7]

In a condemnation proceeding involving a partial taking, two elements of damage are to be considered. The first is the market value of the property actually taken. The second is the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned.[8]

In Case No. A06A0515, Forest City's arguments focus on the first of these elements — the market value of the acquired property. Even assuming that borrow material enhances the value of condemned property, "Georgia courts adhere to the widely held principle that land containing valuable deposits may be of greater market value than land without such deposits, but *the land and the deposits constitute one subject matter and there cannot be separate recovery for the land and also for the deposits.*"[9] Forest City and Chatham County further agreed below that Forest City is entitled to the market value of the acquired property; they disagreed about what methods of calculations and evidence can be considered. Chatham County advanced below, "Simply put, the fair market value of land should be established by looking to the cost of comparable sales of other land similar in nature at time of sale and actually used as borrow material to that of the property taken." As for the acquired property, the record reveals that the parties requested, and the superior court issued,

---

[5] *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974) (citations and punctuation omitted).

[6] *Williams v. Heykow, Inc.*, 171 Ga. App. 936 (321 SE2d 431) (1984) (citation omitted).

[7] OCGA § 32-3-14.

[8] *Dept. of Transp. v. White*, 270 Ga. 281, 282 (508 SE2d 407) (1998) (citation, punctuation and emphasis omitted).

[9] *Dept. of Transp. v. Bacon Farms, L.P.*, 270 Ga. App. 862, 863-864 (1) (608 SE2d 305) (2004) (punctuation and footnote omitted; emphasis supplied); see *Gunn v. Dept. of Transp.*, 222 Ga. App. 684, 685 (1) (476 SE2d 46) (1996); *Williams v. Mayor & City Council of Carrollton*, 195 Ga. App. 590, 591 (2) (394 SE2d 389) (1990); see also *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 268-269 (1) (476 SE2d 722) (1996).

rulings regarding only the method of calculation and the appropriate evidence that could be presented to the jury for ascertaining the value.[10] Because such rulings were not judgments on the merits of any element of damage, they did not constitute a viable grant of partial summary judgment.[11]

In seeking a determination that particular evidence was inadmissible, Chatham County's motion was more akin to a motion in limine.[12] The superior court's rulings on the admissibility of certain evidence constituted no judgment on the merits of any part of Forest City's claim for just and adequate compensation.

Therefore, notwithstanding the caption of Chatham County's motion, the caption of the superior court's order, and the footnote contained in the latter, Case No. A06A0515 presents only issues *not* subject to the grant of partial summary judgment within the meaning of OCGA § 9-11-56 (h).[13] And there is no independent jurisdictional basis for the cross-appeal, Case No. A06A0516.[14] Because the superior court's order is not otherwise a final appealable judgment within the meaning of OCGA § 5-6-34 (a), the parties could have attempted to appeal by complying with interlocutory appeal requirements.[15] They did not do so, and consequently, we have no jurisdiction to consider Case No. A06A0515 or Case No. A06A0516.[16]

*Appeal and cross-appeal dismissed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 30, 2006.

---

[10] *Dept. of Transp. v. Southeast Timberlands*, 263 Ga. App. 805, 808 (2) (a) (589 SE2d 575) (2003) ("[I]n calculating the market value of the property, the jury should be allowed to inquire as to all legitimate purposes, capabilities and uses to which the property might be adapted, provided that such use is reasonable and probable and not remote or speculative. The trial court has discretion to admit or exclude evidence of a proposed use for the land. . . .") (punctuation and footnotes omitted).

[11] See generally *Robinson v. Franwylie, Inc.*, 145 Ga. App. 507, 509 (1) (244 SE2d 73) (1978); *Finney v. Pan-American Fire & Cas. Co.*, 123 Ga. App. 250, 253 (4) (b) (180 SE2d 253) (1971); compare *Buck's Service Station v. Dept. of Transp.*, 191 Ga. App. 341 (1) (381 SE2d 516) (1989) (noting that a motion for summary judgment would be the appropriate means to invoke a ruling that condemnee's evidence was insufficient to state a claim for special damages), aff'd, 259 Ga. 825, 826 (1) (387 SE2d 877) (1990).

[12] See *Buck's Service Station*, 191 Ga. App. at 341 (motion in limine determines the admissibility of evidence).

[13] See *Planet Ins. Co.*, supra at 266.

[14] See generally *Wood v. Atkinson*, 229 Ga. 179, 180-181 (190 SE2d 46) (1972).

[15] *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991) (party seeking appellate review from an interlocutory order must follow the interlocutory application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, *and* comply with the time limitations therein); compare *Buck's Service Station*, supra, 191 Ga. App. 341 (appellant obtained appellate review of a ruling on a motion in limine by use of interlocutory procedures).

[16] See *Planet Ins. Co.*, supra at 266.

*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Susan W. Cox, Michael J. Walker, Charles P. Aaron*, for appellant.

*Lee, Black, Hart & Rouse, R. Jonathan Hart, Emily E. Garrard*, for appellee.