# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2019

*The Court of Appeals hereby passes the following order:*

### A20A0431. CASSANDRA GAINES, AS SURVIVING PARENT OF KIRSTEN BOYKIN et al. v. PEDIATRIX MEDICAL GROUP OF GEORGIA, P.C. et al.

In 2015, Cassandra Gaines and James Boykin, as surviving parents of Kirsten Boykin ("the Plaintiffs"), filed a wrongful death suit against Pediatrix Medical Group of Georgia, P.C. and Taylor Lyn Noto, NNP ("the Defendants"). In 2019 – shortly before the scheduled trial – the Plaintiffs amended their complaint to add a theory of liability. The Defendants filed a motion in limine to exclude the new claim, and the trial court granted the motion. The Plaintiffs appeal, asserting that the trial court's ruling served as a de facto grant of summary judgment, which may be appealed directly under OCGA § 9-11-56 (h).

As this Court has held, summary judgment under OCGA § 9-11-56 constitutes a ruling on the merits of a claim. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 221 (633 SE2d 623) (2006). Here, the trial court's order did not address the merits of the Plaintiffs' claim. Rather, the order pertained to the Plaintiffs' ability to amend their complaint to include the claim. The trial court's order is thus interlocutory. See *Wolf v. Richmond County Hosp. Auth.*, 169 Ga. App. 68, 68 (311 SE2d 507) (1983). In order to appeal, the Plaintiffs were required to comply with the interlocutory appeal procedure in OCGA § 5-6-34 (b). See id. Their failure to do so deprives this Court of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__10/21/2019_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*