**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 25, 2021**

# In the Court of Appeals of Georgia

A21A0367. NANCE et al. v. HOUSTON COUNTY SCHOOL DISTRICT et al.

RICKMAN, Presiding Judge.

Sherri Nance filed suit against the Houston County School District and its superintendent, Dr. Mark Scott, asserting that her children had been improperly dis-enrolled from the school district for alleged non-residency. Nance sought mandamus relief, a writ of prohibition, a temporary restraining order, temporary and permanent injunctive relief, and/or declaratory relief. The following day, Nance filed a "Motion for Emergency Hearing" seeking immediate relief on her petition.

Due to the Statewide Judicial Emergency declared on March 14, 2020,[1] the trial court did not conduct the hearing until May 2020. On June 17, 2020, the trial court entered an order in which it: (1) denied emergency mandamus relief on the basis that a jury must decide questions of fact related to Nance's residency; (2) found the school board did not constitute a lower tribunal for purposes of the issuance of a writ of prohibition; (3) found the request for a temporary restraining order was moot; (4) found the request for a temporary injunction was moot; (5) found it was prohibited from ruling on the permanent injunction; and (6) found that Nance was not entitled to declaratory relief. Nance filed a direct appeal from this ruling. The crux of her argument is that the trial court erred in finding she was not a resident of Houston County.

"[I]t is incumbent upon this Court to inquire into its own jurisdiction." *MSM Poly, LLC v. Textile Rubber & Chem. Co.*, 353 Ga. App. 538, 539 (1) (839 SE2d 4) (2020). As a general rule, a direct appeal requires that the judgment or order appealed be final, which means the case is no longer pending in the court below. See *Fein v.*

---

[1] Because of the Covid-19 pandemic, on March 14, 2020, the Georgia Supreme Court entered an "Order Declaring Statewide Judicial Emergency." The Order was extended on April 6, May 11, and June 12, 2020.

*Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). When a direct appeal is filed from a non-final order, we generally lack jurisdiction to consider the appeal. See id. Here, the trial court found that issues of fact remain regarding Nance's residency, and it denied Nance's request for emergency mandamus relief pending a jury trial. The trial court also expressly stated in its order that, "[t]he hearing was demanded by the plaintiff and was not formally noticed or consented to as a final hearing on any claim." This case is thus not final.

The law, however, permits a direct appeal from certain non-final orders. Under OCGA § 5-6-34 (a) (7), a direct appeal is permitted from "[a]ll judgments or orders granting or refusing to grant mandamus or any other extraordinary remedy, except with respect to temporary restraining orders." We must consider whether the trial court's order falls within this exception. In so doing, we construe the court's order according to its substance rather than its nomenclature. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). Although the trial court purported to deny mandamus relief, the order actually reserved the issue for determination by a jury as required by OCGA § 9-6-27 (c).[2] The trial court's order

---

[2] Where a mandamus petition involves issues of fact, OCGA § 9-6-27 (c) provides that the case "may be heard by the judge upon the consent of all parties. Otherwise, the case shall be set for trial upon the first day of the next term of the

stated that, "[Nance] has demanded a jury trial. After careful review, the [trial court] finds, contrary to [Nance's] position, there is [a] question of fact which must be determined. Thus [the trial court] cannot issue the Writ as there is a jury demand." Accordingly, the trial court neither granted nor refused to grant mandamus relief in accordance with OCGA § 5-6-34 (a) (7). This exception thus provides no basis for direct appeal.

We also do not believe the order may be appealed directly as the denial of a writ of prohibition. This writ serves to "restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction where no other legal remedy or relief is given." OCGA § 9-6-40. To the extent the school district may be considered a lower tribunal for purposes of this extraordinary writ, Nance would be required to file a discretionary application in order to obtain appellate review. See *Greenberg v. Griffith*, 226 Ga. App. 818, 818 (487 SE2d 411) (1997).

Pursuant to OCGA § 5-6-34 (a) (4), a direct appeal may be had from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final

---

superior court as other jury cases are tried. However, if the court has a scheduled session for jury trials which will occur before the next term, the case shall stand for trial at the present term." Here, there is no indication in the record that the parties consented to the judge resolving the issues of fact.

4

injunctions." Because school was no longer in session when the June 2020 order was issued, the trial court dismissed the request for interlocutory injunction as moot.[3] The trial court declined to rule on the request for permanent injunction. The trial court stated that "[a]s there was no agreement by the parties or notice of advancing this hearing, the [trial court] is prohibited from issuing a ruling on [Nance's] request for a [p]ermanent [i]njuction. See OCGA § 9-5-10 ("A perpetual injunction shall be granted only after hearing and upon a final decree.). Under these circumstances, jurisdiction is not proper under OCGA § 5-6-34 (a) (4).

Moreover, Nance does not appear to challenge either the trial court's dismissal of the request for an interlocutory injunction or refusal to rule upon the request for a permanent injunction. Applying the "issue-raised-on appeal" rule, Nance's failure to challenge the injunctive rulings on appeal precludes her from challenging the other rulings that are not otherwise subject to direct appeal. See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (clarifying that it is the issue raised on appeal that determines the proper appellate procedure even if the order or judgment being challenged is of the type listed in OCGA § 5-6-34 (a)).

---

[3] Mootness is also a basis for the dismissal of a direct appeal. See OCGA § 5-6-48 (b) (3).

In her notice of appeal, Nance asserts that jurisdiction is proper under OCGA § 38-3-64. This statute provides that "[a]ny person whose rights or interests are adversely affected by an order declaring the existence of a judicial emergency or any modification or extension of such an order shall be entitled to [a direct] appeal." OCGA § 38-3-64 (a). The right of appeal, however, is from the judicial emergency order itself. Nothing in this statute purports to grant the right of direct appeal from an otherwise interlocutory order.

Because it is clear that the case remains pending before the trial court – and because the order is not otherwise directly appealable – Nance was required to comply with the interlocutory appeal procedures in order to appeal. See OCGA § 5-6-34 (b). Her failure to do so deprives us of jurisdiction over this appeal, which is therefore dismissed.

*Appeal dismissed. McFadden, C. J., and Senior Appellate Judge Herbert E . Phipps concur*.