# Court of Appeals
# of the State of Georgia

ATLANTA,  May 07, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1089. TATYANA ELLIS v. DAVID EDWARD OLES et al.

Tatyana Ellis filed suit against David Edward Oles and his law practice alleging she had been over-billed for legal services. The parties filed cross-motions for summary judgment, which remain pending below. Ellis, who is proceeding pro se, has filed multiple additional motions, and she seeks to appeal certain rulings. The relevant motions, orders, and notices of appeal – in chronological order – are as follows:[1]

- Ellis's April 3, 2020 motion for leave to supplement her motion for summary judgment.

- Ellis's April 15, 2020 "Omnibus Motion" in which she seeks to exclude evidence on Oles's motion for summary judgment, find Oles in contempt, and disqualify Oles's attorney.

- Oles's May 18, 2020 response to Ellis's Omnibus Motion and Motion to Declare Plaintiff a Vexatious Litigant in which Oles sought to have Ellis barred from filing pleadings without prior leave of the court.

- Ellis's June 15, 2020 Sur-Reply and Cross Motion seeking to strike

---

[1] The record contains additional motions and orders; the orders outlined are those attached to Ellis's December 14, 2020 notice of appeal.

Oles's motion to declare her a vexatious litigant under Georgia's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute.

- Ellis's June 24, 2020 motion to recuse the trial judge.

- The trial court's July 21, 2020 order denying Ellis's motion to recuse.

- Ellis's July 24, 2020 second motion to recuse the trial judge, which the trial court construed as a motion for reconsideration.

- The trial court's July 30, 2020 order granting reconsideration, but denying the motion to recuse.

- The trial court's November 9, 2020 order in which it denies Oles's motion to declare Ellis a vexatious litigant and denies Ellis's motion to strike, finding that Ellis's motion did not trigger OCGA § 9-11-11.1, Georgia's anti-SLAPP statute.

- The trial court's December 3, 2020 order denying Ellis's April 3, 2020, motion to supplement her motion for summary judgment.

- Ellis's December 9, 2020 notice of appeal from the trial court's November 9, 2020 order, which also seeks to appeal the July orders denying her motions to recuse.

- Ellis's December 14, 2020 notice of appeal from the trial court's December 3, 2020, order denying her request for leave to supplement her motions for summary judgment.

As a general rule, a direct appeal requires that the judgment or order appealed

be final, which means the case is no longer pending in the court below. See *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). When a direct appeal is filed from a non-final order, we ordinarily lack jurisdiction to consider the appeal. See id. Here, the cross-motions for summary judgment remain pending below, which renders the case non-final.

The law, however, permits a direct appeal from certain non-final orders. Specifically, a direct appeal may be had from "[a]n order granting or denying a motion to dismiss or a motion to strike" under OCGA § 9-11-11.1 (b), Georgia's anti-SLAPP statute. OCGA § 9-11-11.1 (e); see OCGA § 5-6-34 (a) (13). Ellis contends that the trial court's order denying her motion to strike constituted a directly appealable order under these statutes.

Although Ellis denominated her motion as an anti-SLAPP motion to strike, we are not bound by her characterization of the motion; courts construe motions "according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). When a litigant inundates a trial court with filings, that court has discretion to place limits on such filings. See *Higdon v. Higdon*, 321 Ga. App. 260, 267 (4) (739 SE2d 498) (2013). Oles was thus authorized to file a motion seeking to have limits placed on Ellis's ability to file. And Ellis's objection is properly construed as a response to that motion rather than an anti-SLAPP motion to strike.[2] It follows that Ellis has no right to direct appeal under OCGA § 5-6-34 (a) (13).

Because the case remains pending below, Ellis was required to comply with the interlocutory appeal procedures in order to appeal. See OCGA § 5-6-34 (b) ("Where the trial judge in rendering an order . . . not otherwise subject to direct appeal, . . .

---

[2] The purpose of anti-SLAPP legislation is to encourage participation by citizens in matters of public interest by curtailing lawsuits brought for the purpose of chilling the exercise of constitutional rights of petition and freedom of speech. See *Geer v. Phoebe Putney Health Sys., Inc.*, 310 Ga. 279, 283-284 (2) (849 SE2d 660) (2020) (discussion of purpose and application of anti-SLAPP statute). Here, we fail to see how Ellis's lawsuit – a billing dispute with her former attorney – could fall within the ambit of the anti-SLAPP statute.

certifies within ten days of entry thereof that the order . . . is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may . . . permit an appeal to be taken from the order . . . if application is made thereto within ten days after such certificate is granted."); *Forest City Gun Club*, 280 Ga. App. at 221-222 (appeal of pre-trial ruling required compliance with interlocutory appeal procedures). Ellis's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/07/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*