# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0369. REGINALD ROSS v. THE STATE.

This is Reginald Ross's second appearance in this Court. While on parole in 2017, Reginald Ross was charged with theft by receiving stolen property and possession of a firearm by a convicted felon. On May 30, 2018, the charges were placed on the dead docket. Thereafter, Ross filed motions to set aside a void judgment and to dismiss court appointed counsel, in an effort to have the charges removed from the dead docket. The trial court denied the motions, and Ross filed an application for discretionary review, which we dismissed for lack of jurisdiction due to the untimeliness of his filing. See Case No. A21D0169, dismissed Jan. 19, 2021. Thereafter, Ross filed a motion to set aside and reenter the November 2020 order, pursuant to OCGA § 9-11-60 (g),[1] and a request to expunge and/or enter a nolle prosequi order. The trial court denied both motions, and this application followed.

Although Ross entitled his motion as one to set aside a void judgment, we are not bound by his characterization of the motion; courts construe motions "according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). The relief sought by Ross is the removal of his charges from the dead docket. "[P]lacing a count or counts on the dead-docket . . . constitutes neither a dismissal nor a

---

[1] While an appellant has a right to file a direct appeal from a final judgment denying a motion to set aside a judgment alleging clerical mistakes pursuant to OCGA § 9-11-60 (g), no final judgment has been entered in this case. A dead-docketed count is not a final judgment "until it has been dismissed, nolle prossed, or resulted in a judgment by a guilty plea or trial." *Seals,* 2021 Ga. LEXIS 449 at *18.

termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial." *Seals v. State*, 2021 Ga. LEXIS 449 at * 16-17 (decided Jun. 18, 2021). In other words, the case against Ross remains pending below. Ross was therefore required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of review, in order to obtain appellate review at this juncture. Id. Accordingly, we are without jurisdiction to consider this matter, and the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   07/07/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*